IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12CR175-1 |
| | ) | |
| | ) | |
| LONNIE ADDISON | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Lonnie Addison's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) or for Immediate Transfer to Home Confinement Pursuant to 18 U.S.C. § 3624(c) and 24 U.S.C. § 60541(g)(1) [Doc. #157]. Addison believes that his health, his age, and the conditions at FCI Oakdale II are extraordinary and compelling reasons for relief in light of COVID-19. For the reasons explained below, his motion is denied.[1]

As an initial matter, Addison requests the Court "to appoint counsel in the event that the Court requires any further information or a hearing on the matter." The Sixth Amendment right to counsel does not extend beyond the first appeal of right. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In exceptional circumstances, due process may require appointment of counsel in certain postconviction proceedings, but Addison's instant motion is not among those. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (denying appointment

---

[1] Addison's motion is solely analyzed as one made pursuant to 18 U.S.C. § 3582(c)(1) because the other statutory bases upon which he seeks relief are directed at the Attorney General and the Bureau of Prisons.

of counsel for § 3582(c) motion to reduce sentence). Cf. 18 U.S.C. § 3006A(a)(2)(B) (authorizing the court to provide counsel to a financially eligible person seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 when "the interests of justice so require"). Accordingly, his request for appointment of counsel is denied.

On November 20, 2012, Addison was sentenced to 262 months' imprisonment. "The court may not modify a term of imprisonment once it has been imposed except", as is relevant here, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier". 18 U.S.C. § 3582(c)(1)(A). In early March 2021, Addison submitted an "Informal Resolution Form" to his unit manager "asking to be put in under the CARES Act to do the remainder of [his] time on Home Confinement." Later that month, he submitted a "Request for Administrative Remedy" asking again "to be put on home confinement under the CARES Act" which the warden denied after receiving it on March 26.

Although Addison sought relief under the CARES Act, he does not appear to have requested the warden to file a motion on his behalf pursuant to 18 U.S.C. § 3582(c)(1)(A), as is required. Nevertheless, to the extent that his requests under the CARES Act could satisfy the requirement in § 3582(c)(1)(A), he has not met his burden of showing extraordinary and compelling reasons for relief, 18 U.S.C.

2

§ 3582(c)(1)(A)(i). See United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (finding "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)," "empower[ing]" courts "to consider any extraordinary and compelling reason for release that a defendant might raise") (citation omitted); U.S. Sentencing Guideline § 1B1.13, Application n.1 (providing circumstances found to be extraordinary and compelling) cited in McCoy, 981 F.3d at 282 n.7 (noting that § 1B1.13 "remains helpful guidance even when motions are filed by defendants"); Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5050.50 (Jan. 17, 2019) (explaining circumstances supporting compassionate release).

Addison describes conditions during the pandemic and the spread of COVID-19 at Butner Federal Medical Center (where he was housed until November 2020)[2] and FCI Oakdale II (where he is presently housed), including three alleged class action lawsuits filed against his warden related to the pandemic. Upon arrival at FCI Oakdale II, Addison was quarantined for a month only to find the facility in lockdown as he completed his quarantine. "[D]uring that time", the local water utility was shut down due to a winter storm. Although the inmates were provided bottled water to drink, Addison claims they had no water for sewage for over one week and there were no showers for several days, all while the "water pressure" was "re-routed . . . to staff areas."

---

[2] Because Addison is no longer housed at Butner Federal Medical Center, this Order addresses the concerns he expresses about FCI Oakdale II.

Addison, who is fifty-seven years old and suffers from hypertension and an enlarged prostate for which he is prescribed medications, claims to be among the prisoners at FCI Oakdale II who contracted COVID-19, having "recently recovered" after suffering "severely". He alleges that while he was sick no one monitored his blood pressure or the symptoms from his enlarged prostate or addressed palpitations he had on several days. Addison is concerned about contracting the virus again and suffering even more severely; he has not yet been vaccinated, but he has "been promised by the institution several times that he would be." In addition, according to Addison, "there has been no 'sick call'", "[n]o doctor has ever been seen within the housing unit", and "[t]here is virtually no way for the medical department to address any illness of [his]."

As Addison recognizes, his hypertension possibly "can make [him] more likely to get severely ill from COVID-19". Centers for Disease Control and Prevention ("CDC"), COVID-19 Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021). It is also true that the "[r]isk for severe illness with COVID-19 increases with age". CDC, Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (updated May 14, 2021). While Addison claims to have suffered severe illness from COVID-19, he does not allege to have any lasting symptoms[3].

---

[3] Addison expresses concern about suffering more severely were he to contract COVID-19 again "due to the inflammatory response syndrome". This reference

His fear of contracting the virus again and suffering even more severely is speculative and should be assuaged by the scientific research. See, e.g., Public Health England, Information on COVID-19 Reinfection Surveillance in England, https://www.gov.uk/government/publications/national-covid-19-reinfection-surveillance/information-on-covid-19-reinfection-surveillance-in-england (describing a study "of over 12,000 people working in 4 English hospitals [that] found that people who developed antibodies after SARS-CoV-2 infection were protected against disease for 6 months after infection and reinfection (without any disease symptoms) was very rare") (updated Mar. 16, 2021).

Furthermore, the Bureau of Prisons ("BOP") is well into its vaccination efforts. As of May 25, 2021, the BOP has administered over 180,000 doses across its facilities, including FCC Oakdale where 139 staff members and 1,046 inmates are fully inoculated. BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/. Addison states that he has not yet been vaccinated despite the facility's promise that he will be. If he has not been vaccinated since the filing of this motion, it is possible that any delay is occasioned by the CDC's recommendation that individuals who "were treated for COVID-19 with monoclonal antibodies or convalescent plasma" wait ninety days before receiving a COVID-19 vaccine. In any event, considering the number of inmates

---

does not appear to be a condition of his, but is instead one listed in a source he quotes earlier in his motion which identifies "three short-term effects on the CVD system".

5

fully inoculated at FCC Oakdale, there is nothing before the Court to suggest that Addison will not receive a vaccine if he so desires.

In addition, as of May 25, 2021, FCI Oakdale II reports two inmates and no staff members presently infected. Id. (also reporting two inmates who have died and 292 inmates and 22 staff members who have recovered). These figures suggest that the facility's vaccination and sanitation efforts are helping to curb the spread of the virus more effectively than in the past. Although Addison's frustration with the earlier lockdown and the loss of recreation and programming is understandable, the limited prisoner movement is likely part of the facility's efforts to protect prisoners during the pandemic.

Although Addison alleges a lack of attention to his hypertension and enlarged prostate during his illness with COVID-19 and the absence of medical staff, he does not claim to be suffering presently any ill effects of those purported failures. To the contrary, he names the medicines he has been prescribed for his medical conditions, evidencing that he has been receiving medical care for them. In addition, Addison does not claim to be suffering any continuing effects from the winter storm's impact on the facility's water supply. Finally, to the extent that Addison contends that the length of time he has served and the length of his sentence support his motion, neither of these facts is extraordinary and compelling either alone or in combination with the other bases upon which he relies.

Therefore, it is determined that Addison has not met his burden of showing extraordinary and compelling reasons for relief. Anticipating the possibility that his

6

motion would be denied, he also requests that the Court "issue a judicial recommendation to the Warden at [FCC Oakdale] to have [him] confined at home for the remainder of his sentence" pursuant to the CARES Act. However, a determination for home confinement is for the Bureau of Prisons to make. See 18 U.S.C. § 3624(c); Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020) (CARES Act). The Court declines to issue the requested recommendation.

For the reasons stated above, IT IS HEREBY ORDERED that Defendant Lonnie Addison's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) or for Immediate Transfer to Home Confinement Pursuant to 18 U.S.C. § 3624(c) and 24 U.S.C. § 60541(g)(1) [Doc. #157] is DENIED.

This the 26th day of May, 2021.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge